**XIAO LAN YE, Wei Lin, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 06–4247–ag (L), 06–4250–ag (con), 07–0085–ag (con).

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

Theodore N. Cox (Andy Wong on the brief), New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Song E. Park, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioners Xiao Lan Ye and Wei Lin,[1] citizens China, seek review of the following orders of the BIA: (1) two August 14, 2006 orders separately denying their motions to reopen and reconsider, *In re Xiao Lan Ye*, No. A72 434 575 (B.I.A. Aug. 14, 2006); *In re Wei Lin*, No. A73 654 920 (B.I.A. Aug. 14, 2006); and (2) a December 28, 2006 order denying their motion to reopen, *In re Xiao Lan Ye and Wei Lin*, No. A72 434 575/73 654 920 (B.I.A. Dec. 28, 2006).[2] We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

1. Ye was the primary applicant for asylum. Wei Lin, her son, was a derivative of her claim. As Lin has no independent basis for asylum, we refer to Ye alone.

[I]  *The BIA's August 2006 Decision*

■ First, assuming *arguendo* that the BIA erred in concluding that it lacked the authority to apply the doctrine of equitable estoppel, that error was harmless. The issuance of a letter by the Executive Office for Immigration Review mistakenly informing Ye that she had been granted asylum does not constitute "affirmative misconduct by the government" warranting invocation of the estoppel doctrine. *See Rojas–Reyes v. INS*, 235 F.3d 115, 126 (2d Cir.2000). The BIA had previously denied Ye's asylum application and she was therefore not eligible for an adjustment of status despite the mistaken letter.

■ Second, we lack the authority to review the BIA's decision to decline to exercise its *sua sponte* powers to reopen or reconsider Ye's case, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006); 8 C.F.R. § 1003.2(a).

Third, although the BIA's discussion of Ye's changed country conditions was limited, we cannot "conclude that the BIA acted inappropriately by failing to consider the record as a whole when it issued its opinion denying the remand, [or] failed to issue a reasoned opinion when it purportedly did consider the entire record." *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir.1992). In relevant part, the BIA denied Ye's motion on the basis that the "objective evidence of background information" did not support Ye's motion to reopen, "especially in view of [the agency's] finding in [its previous decision] that the testimony of the two respondents regarding the sterilization was at odds and the lead respondent's testimony regarding

2. Because Ye did not timely petition for review of the BIA's September 2002 and December 2003 orders, we lack jurisdiction to consider those decisions. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

the coercive nature of the sterilization was not credible." *In re Xiao Lan Ye,* No. A72 434 575.

Finally, Ye did not challenge the BIA's denial of CAT relief therefore this argument is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

[II] *The BIA's December 2006 Decision*

The BIA did not abuse its discretion in finding that Ye failed to comply with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). While Ye's affidavit described a discussion with her translator about filing a petition for review of the BIA's September 2002 decision, there is no indication that Ye "alleged, let alone established, that [her] former counsel ever agreed to [file a petition for review] or was engaged to undertake the task." *Id.* Accordingly, Ye has forfeited her ineffective assistance of counsel claim and we need not consider the underlying merits. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46–47 (2d Cir. 2005).

For the foregoing reasons, the petitions for review are DENIED. The pending motions for a stay of removal are DISMISSED as moot.